SO ORDERED.

SIGNED this 09 day of August, 2012.

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

WILLIAM and MICHELLE HIGGINS,                    CASE NO. 10-07854-8-JRL
                                                 CHAPTER 7
      DEBTORS.

---

## <u>ORDER</u>

This matter came before the court on the debtors' objection to claims filed by the trustee. A hearing was held on August 8, 2012 in Raleigh, North Carolina.

The debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on September 28, 2010. Originally, there were no assets available for distribution to creditors. The debtors received their discharge on January 3, 2011. At some point later, the trustee received notice that the debtors had received an inheritance. Their case was reopened on February 24, 2011 to distribute those funds. The original claims deadline for non-governmental entities was May 31, 2011. The trustee did not file a timely motion to extend that deadline. On April 13, 2012, the trustee filed claims for the following creditors: PayDayMax.com; NCO Financial Systems; Dell Financial Services; Citifinancial, Citibank Sd, Na; and Bill Me Later. At the hearing, the trustee conceded the claims were tardily filed.

Pursuant to 11 U.S.C. § 501(c), "[i]f a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim."  11 U.S.C. § 501(c). Bankruptcy Rule 3004 imposes a thirty day deadline on the trustee's ability to file such a claim. FED. R. BANKR. P. 3004.  Although tardily filed claims by creditors in a chapter 7 case are entitled to a subordinated distribution pursuant to § 726(a)(3) of the Bankruptcy Code, that privilege does not apply, by text, to tardily filed claims by the trustee.  See In re Drew, 256 B.R. 799, 804 (B.A.P. 10th Cir. 2001) ("a careful reading of §§ 501 and 726(a) indicates that claims filed tardily by a chapter 7 trustee are not entitled to be paid under the distribution scheme established by the Code. . . .  No provision is made for the payment of claims filed tardily under § 501(c)."); see also 6 COLLIERS ON BANKRUPTCY  ¶ 726.02[3] (16th ed.) ("Notably, [§ 726(a)(3)] refers only to tardily filed claims filed under section 501(a), which seems to preclude its application to claims filed by a debtor or trustee under section 501(c).").

Based on the foregoing, the debtors' objection is **SUSTAINED**.  The claims are disallowed for purposes of distribution.

**END OF DOCUMENT**